UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WILLIAM BROOKINS,                    )
                                     )
            Plaintiff,               )
                                     )
      v.                             )    No. 1:25-cv-00116-JPH-CSW
                                     )
AVON COMMUNITY SCHOOL                )
CORPORATION, *et al.*                )
                                     )
            Defendants.              )

**ORDER DENYING MOTION TO RECONSIDER
AND DIRECTING ENTRY OF FINAL JUDGMENT**

William Brookins was removed from a basketball game by Avon School
Police Officers after he and other fans booed a referee. He filed this action
against the Avon Community School Corporation, Avon School Police
Department, and two Avon School Police Officers (collectively, "Avon
Defendants"); as well as the Indiana High School Athletic Association ("IHSAA")
and referee Sean Alexander. The Court dismissed Mr. Brookins's amended
complaint and ordered him to show cause why final judgment should not
enter. Dkt. 32. Mr. Brookins has filed a motion to reconsider that order, dkt.
[33], which the Court construes as his show cause response. For the reasons
below, Mr. Brookins has not provided a basis for reinstating his complaint.

**I.
Facts & Background**

Mr. Brookins raised First and Fourteenth Amendment claims under 42
U.S.C. § 1983 against all Defendants (Counts I and II); a *Monell* claim against
the School Corporation and School Police Department for failure to train and

1

supervise (Count III); a race-discrimination claim under 42 U.S.C. § 1981 against all Defendants (Count IV); and state-law "misconduct, negligence, and/or intentional infliction of emotional distress" claims against all Defendants (Count V). Dkt. 10 at 2–3. The Avon Defendants filed a motion to dismiss the claims against them, dkt. 23, and IHSAA filed a motion for summary judgment, dkt. 27, which the Court construed as a motion for judgment on the pleadings. Dkt. 32 at 3. Mr. Brookins did not respond to either of the motions.

For the Avon Defendants, the Court first dismissed the claims against Officers Logan and Spencer as official-capacity claims that were duplicative of the claims against the Avon School Corporation and Avon School Police Department. Dkt. 32 at 4–5 (citing *Stevens v. Umstead*, 131 F.3d 697, 706 (7th Cir. 1997)). Mr. Brookins's constitutional claims against the Avon School Corporation and School Police Department were then dismissed because Mr. Brookins's conclusory allegation that they "failed to adequately train and supervise their officers" did not plausibly allege an unconstitutional policy or custom to establish municipality liability under § 1983. *Id.* at 6–7. The remaining federal claim under § 1981 was dismissed because Mr. Brookins did not allege a contractual relationship. *Id.* at 7–8.

In granting IHSAA's motion for judgment on the pleadings, the Court dismissed Mr. Brookins's constitutional claims because Mr. Brookins did not plead IHSAA's involvement and dismissed his § 1981 claim because he did not allege a contractual relationship. *Id.* at 8–9. Last, the Court screened the

2

claims against referee Mr. Alexander, dismissing them because Mr. Brookins's allegations that Mr. Alexander "contributed to the discriminatory conduct through negligence and intentional acts during an athletic event" were mere "labels and conclusions" without supporting facts. *Id.* at 9. Moreover, Mr. Brookins did not allege a contractual relationship or that Mr. Alexander acted under the color of state law. *Id.* The Court then relinquished supplemental jurisdiction over Mr. Brookins's state-law claims. *Id.* at 10–11.

The Court gave Mr. Brookins an opportunity to show cause why judgment should not enter dismissing his federal-law claims with prejudice and his state-law claims without prejudice. *Id.* at 11. Mr. Brookins filed a motion for reconsideration, dkt. [33], which the Court construes as his show cause response.

## II.
## Analysis

Mr. Brookins argues that the dismissal order incorrectly (1) analyzed his original complaint rather than his amended complaint; (2) construed the claims against Officers Logan and Spencer in their official capacities; and (3) found that Mr. Brookins failed to plausibly plead municipal liability against the Avon Defendants. Dkt. 33 at 1–3.

### A. Reliance on original complaint

Mr. Brookins argues that the Court improperly considered his original complaint instead of the operative amended complaint. *Id.* at 1–2. The Court's order, however, specified that it considered Mr. Brookins's operative amended

3

complaint, and recited limited facts from the original complaint "only for context."  Dkt. 32 at 2, 2 n.3.  In doing so, the Court explained that Mr. Brookins's amended complaint replaced the original complaint, which "drop[ped] out of the picture."  *Id.*

The Court's reference to one of the Avon Defendants as the "Avon Community School Corporation," rather than the "Avon School District," as Mr. Brookins referred to it in his amended complaint, does not show otherwise.  *Id.* at 1; dkt. 10.  As the order explained, it referred to the "Avon Community School Corporation" because that was how the Avon Defendants identified its name, not because it was considering the superseded original complaint.  Dkt. 32 at 1 n.1.  The order's analysis was based solely on the amended complaint, *see id.* at 4–9, so Mr. Brookins is not entitled to reconsideration on this basis.

## B. Official capacity claims against Officers Logan and Spencer

Mr. Brookins contends that the Court should "reconsider any finding that Officers Logan and Spencer were acting in an official and lawful capacity . . . as evidence will demonstrate conduct that exceeded the bounds of lawful police action and violated Plaintiff's constitutional rights."  Dkt. 33 at 3.  He then asserts that the Officers were acting in their official capacities and under the color of law during the incident, dkt. 36 at 3, and adds factual details not found in his amended complaint.  Dkt. 33 at 3-4; *see* dkt. 10.

The Court construed Mr. Brookins's claims against the Officers as official capacity claims that were duplicative of his claims against the municipal entities, and his response doesn't challenge that determination.  *See* dkt. 33 at

2–3; dkt. 36 at 3.  While he asserts that the Officers violated his constitutional rights, he still does not indicate that he wished to sue the Officers in their individual capacities.  Instead, he states that the Officers were "acting in an official capacity," and under the color of law during the events.  Dkt. 36 at 3; dkt. 33 at 3–4.  The Court gave Mr. Brookins "the opportunity to seek leave to amend [on this issue] before the Court enters final judgment."  Dkt. 32 at 5.  Mr. Brookins did not do so, and his response makes no mention of individual capacity claims.  He therefore has not shown error in the dismissal of the official capacity claims against the Officers as duplicative of his claims against the entities they represent.

## C. Municipal liability

Mr. Brookins asserts new facts in his response, arguing that they support municipal liability against Avon because its School Police Department Chief, Chief Leahy, told him that the matter would be resolved internally instead of offering him a remedy or information.  Dkt. 33 at 3.  Mr. Brookins argues that this supports municipal liability because Chief Leahy is a relevant policymaker who had a policy or custom of "failing to discipline officers for unconstitutional conduct or to provide meaningful redress to aggrieved citizens."  *Id.*

Mr. Brookins's new facts about Chief Leahy can't support reconsideration because the facts were not in the operative complaint and therefore were not considered in the Court's dismissal order.  To add new facts, Mr. Brookins

must amend his complaint, which he has already done once and does not seek leave to amend again.  *See* Fed. R. Civ. P. 15(a)(2).

Even if Mr. Brookins had alleged these facts in his operative complaint, a municipality "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of *respondeat superior* for constitutional violations committed by their employees." *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1005–06 (7th Cir. 2017) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978)).  Instead, they can be held liable only for "unconstitutional municipal policies or customs." *Id.* at 1006.  To establish an official policy or custom, a plaintiff must show "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021).

Mr. Brookins alleges that Chief Leahy is "the relevant policymaker" and participated in his Officers' unconstitutional actions when he "effectively ratifie[d]" their conduct by failing to offer Mr. Brookins information or a remedy.  Dkt. 33 at 3.[1]  But to succeed under the "ratification theory," Mr.

---

[1] It is unclear if Mr. Brookins is arguing that the municipality failed to remedy its unconstitutional practices or if the Defendants failed to offer a meaningful remedy implicating his procedural due process rights.  *See* dkt. 33 at 3; dkt. 36 at 4.  The Court construes his allegations as the former, as that is a possible basis for *Monell* liability.  *Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010) (a municipality may be liable "where rules or regulations are required to remedy a potentially dangerous practice," but fails to do so).  To the extent he intends to bring a procedural due process claim for a failure to provide meaningful redress, he has not alleged a deprivation of a property interest that would entitle him to such redress.  *See*

Brookins "must allege that a municipal official with final policymaking authority approved the subordinate's decision *and the basis for it*." *Palka v. City of Chicago*, 662 F.3d 428, 435 (7th Cir. 2011) (emphasis in original); *Wilson v. City of Chicago*, 6 F.3d 1233, 1240 (7th Cir. 1993) ("Failing to eliminate a practice cannot be equated to approving it"; rather "[d]eliberate or reckless indifference to complaints must be proved in order to establish that an abusive practice has actually been condoned and therefore can be said to have been adopted by those responsible for making municipal policy.").

Mr. Brookins has not alleged that Chief Leahy approved of the Officers' conduct and their basis for it. His allegations that the officers weren't disciplined, and that he wasn't provided a remedy, are not enough for municipal liability. *See Baskin v. City of Des Plaines*, 138 F.3d 701, 705 (7th Cir. 1998) ("[C]ase law has made it clear that a plaintiff cannot establish a § 1983 claim against a municipality by simply alleging that the municipality failed to investigate an incident or to take punitive action against the alleged wrongdoer."); *see also Wilson*, 6 F.3d at 1240–41.[2]

---

*e.g. Barrows v. Wiley*, 478 F.3d 776, 780 (7th Cir. 2007) ("[T]he plaintiff must have a protected property interest in that which he claims to have been denied without due process.").

[2] Mr. Brookins briefly argues that he received a summons directing him to appear before a local tribunal and that the summons was not mailed to his residence, which "constitute interference with this Court's jurisdiction and Plaintiff's access to federal process." Dkt. 33 at 3. To the extent he is trying to allege a denial of access to courts, he doesn't include any facts plausibly stating such a claim. *See McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011) (a plaintiff must allege "some specific facts to support the legal claims asserted").

## III.
## Conclusion

Mr. Brookins's motion for reconsideration, dkt. [33], is **denied.**  Final

judgment shall issue by separate entry.

**SO ORDERED.**


Date: 7/23/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana


Distribution:

WILLIAM BROOKINS
3806 N. Wittfield St.
Indianapolis, IN 46235

All electronically registered counsel